JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

    150 South Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-2695
    Facsimile: (408) 535-5081
    jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-00503 RMW |
| Plaintiff, | |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| ARQUIMEDES MENDOZA-SORIANO, | |
| Defendant. | Date: January 28, 2008<br>Time: 9:00 a.m. |

### **INTRODUCTION**

The United States hereby submits its sentencing memorandum in the above-referenced case. On September 4, 2007, the defendant entered an "open" plea to the single count indictment charging him with illegal re-entry following deportation, in violation of Title 8, United States Code, Section 1326. He is scheduled to be sentenced on January 28, 2008. The government agrees with Probation Officer Brian D. Casai's guideline calculation. For the reasons stated below, the government recommends a sentence of 87 months imprisonment.

//

//

//

**SENTENCING GUIDELINES CALCULATION**

Pursuant to the United States Sentencing Guidelines ("U.S.S.G"), which are advisory after the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), the defendant has a total offense level of 24. [PSR 4-5.] The defendant's base offense level is 8. U.S.S.G. §2L1.2 and PSR 4. The base offense level is increased by sixteen (16) levels, to 24, if the defendant previously was deported after a conviction for a felony that is a crime of violence.[1] Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted offense level of 21. [PSR 4-5.]

The Probation Officer calculates that the defendant has eleven criminal history points, and therefore, falls into Criminal History Category V. [PSR 5-7.] An adjusted offense level of 21 when indexed with a Criminal History Category of V yields a guideline range of 70-87 months. Probation Officer Casai believes a mid-level guideline sentence is appropriate and recommends a sentence of 78 months' imprisonment and a $100 special assessment. [PSR 15.] Probation Officer Casai also recommends that the defendant be placed on supervised release for three years and that no fine be imposed. [PSR 15.]

The government has reviewed the presentence report and has no objection to the factual information contained therein. The government agrees with Probation Officer Casai's guideline calculation, but believes a reasonable and just sentence in this case would be a sentence at the high-end of the applicable guideline range.

**THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The government recommends that the defendant be sentenced to 87 months imprisonment, 3 years of supervised release, no fine, and a $100 special assessment.

First, the defendant has little regard for the immigration laws of our country. He has been deported or removed from the United States to Mexico on three (3) occasions. [PSR 5-9.]

---

[1] On February 5, 2001 the defendant was convicted of Assault with a Firearm on Person in docket #LF005144A, and subsequently deported. Also, on May 3, 2004, the defendant was convicted of another *crime of violence* in docket #LF007102A, and subsequently deported.

Through his actions, the defendant has demonstrated an inability to remain outside of the United States after deportation.

More importantly, not only does this defendant consistently return to the United States following deportation, but he commits serious violent felonies upon return. The defendant's significant criminal history justifies a lengthy custodial sentence. In 2001, the defendant was convicted and sentenced to three years imprisonment for assault with a firearm on a person. [PSR 6.] Without reciting the facts of this case, which are clearly summarized in the Presentence Report, the victim of this crime was the defendant's mother. In 2004, the defendant suffered another serious felony conviction. [PSR 7.] The violent nature of this conviction further confirms the severe and substantial danger this defendant poses to the United States. Accordingly, the government believes that a sentence at the high-end of the guideline range is appropriate and sufficient to achieve the goals of sentencing and impress upon the defendant the seriousness of his actions.

Among the 18 U.S.C. § 3553(a) factors a sentencing court must consider is <u>the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>. 18 U.S.C. § 3553(a)(6). *emphasis supplied*. This defendant suffers no additional increase in adjusted offense level beyond the applicable 16 levels, even though two of the defendant's prior convictions qualify for the 16-level enhancement under U.S.S.G. § 2L1.2. [PSR 4.] Therefore, in order to deter this defendant from illegally re-entering the United States once again, and to deter similar violent felons from doing so, this Court should sentence the defendant at the high-end of the applicable guideline range, 87 months imprisonment.

//
//
//

Finally, the PSR indicates that the defendant does not have the ability to pay a fine. Therefore, the government asks the Court not to impose one. [PSR10.] The Court is required to impose a special assessment of $100.00.

DATED: January 18, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


\_\_\_/s/_____
JEFFREY B. SCHENK
Assistant United States Attorney

cc:    Honorable Ronald M. Whyte
       Ms. Cynthia Lie, Attorney for Defendant

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00503 RMW**              4