BARRY J. PORTMAN
Federal Public Defender
CYNTHIA C. LIE
Assistant Federal Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA  95113
Telephone:  (408) 291-7753

Counsel for Defendant MENDOZA-SORIANO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-00503 RMW |
| Plaintiff, | DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM |
| vs. | |
| ARQUIMEDES MENDOZA-SORIANO, | Date:  Monday, August 18, 2008<br>Time:  9:00 a.m.<br>Court: Hon. Ronald M. Whyte |
| Defendant. | |

**INTRODUCTION**

Following undersigned counsel's substitution in the present case, the parties continued the sentencing hearing for several months to permit Mr. Mendoza to bring a habeas petition in the San Joaquin Superior Court to collaterally challenge the validity of one of the prior convictions used to calculate Mr. Mendoza's Criminal History Category.  The San Joaquin Superior Court has now denied Mr. Mendoza's petition.  Although it held that Mr. Mendoza had demonstrated that his trial counsel had been ineffective in affirmatively misadvising Mr. Mendoza that the offense to which he was pleading guilty was not a serious or violent "strike" conviction under California law, the Superior Court was not persuaded that the error was prejudicial, rejecting as insufficiently corroborated Mr. Mendoza's declaration that he would

have proceeded to trial had he been correctly advised, given the weakness of the prosecution evidence. Because the Superior Court appears to have applied an incorrect standard in weighing the merits of Mr. Mendoza's petition, he expects to renew his petition in the California Supreme Court. Notwithstanding this intention, he is prepared to be sentenced by this Court, and submits the following supplemental briefing in support of his request for a sentence substantially below the applicable guideline range.

**ARGUMENT**

**I.  Recent Ninth Circuit Authority Lends Further Support for a Statutory Maximum of Two Years**

In his January 21, 2008 sentencing memorandum, Mr. Mendoza relied upon *United States v. Salazar-Lopez*, 506 F.3d 749 (9th Cir. 2007) for the proposition that the statutory maximum for the charge to which he pleaded guilty is two, rather than twenty, years. The Ninth Circuit last week provided further authority for that argument. In *Garcia-Aguilar, et al. v. United States District Court*, 2008 U.S. App. LEXIS 16596 (9th Cir. August 6, 2008), the Ninth Circuit issued a writ of mandate to the United States District Court for the Southern District of California, directing the district court to accept the unconditional guilty pleas of three defendants over the objection of the government, which had belatedly recognized the indictments' failure to charge "the *sequence* of a defendant's previous conviction and removal . . . a fact separate from the prior conviction itself." *Id.* at *4 (emphasis in original). In the instant case, as in *Garcia-Aguilar*:

> The problem here arises from the fact that the U.S. Attorney failed to allege in defendants' original indictments that they were previously removed from the country *after* being convicted of a felony. The U.S. Attorney knew – or should have known – that to be able to rely on this fact in sentencing defendants under section 1326(b)(2), the fact had to be alleged in defendants' indictments and either proven to a jury or admitted.

*Id.* at *3 (emphasis added).

The Ninth Circuit, in deciding *Garcia-Aguilar*, distinguished *United States v. Salazar-Lopez*, 506 F.3d 749 (9th Cir. 2007) on the ground that "unlike defendants here, Salazar-Lopez chose to stand trial and was convicted." In the instant case, as the defendants in *Garcia-Aguilar*

Defendant's Supplemental Sentencing
Memorandum, CR 07-00503 RMW                2

attempted to do, Mr. Mendoza has entered an unconditional guilty plea, limiting the government to proceeding on an indictment which, like those in Garcia-Aguilar failed to allege the sequence of his prior conviction and removal.  Under such circumstances, the Ninth Circuit has found, "defendants may well avoid the enhanced sentences to which they may have been subject under section 1326(b)(2)." *Id.* at *11 (quotations omitted).  Accordingly, Mr. Mendoza respectfully submits that this Court may impose a sentence no greater than 24 months.

**II.     Ineffective Assistance of Counsel in Mr. Mendoza's Prior State Proceeding Warrants an Adjustment for Overrepresentation of Criminal History**

If, notwithstanding Garcia-Aguilar, this Court finds that the higher maximum sentence of section 1326(b)(2) applies to the instant case, Mr. Mendoza submits that a sentence of no more than 30 months is warranted under 18 U.S.C. §3553, for the reasons set forth in his January 21 sentencing memorandum and for the further reason that Criminal History Category V substantially overrepresents his criminal history, in view of the clear evidence of his San Joaquin counsel's ineffectiveness.  Since the filing of Defendant's Sentencing Memorandum in January 2008, the defense has obtained a transcript of Mr. Mendoza's plea colloquy in the San Joaquin prosecution for violation of California Penal Code Section 261(c).  The transcript makes unambiguous what the defense had earlier submitted was implicit in the minutes of the plea hearing, that both parties erroneously believed the offense to which Mr. Mendoza was pleading guilty by agreement with the government was not a serious or violent "strike" offense within the meaning of California's recidivist sentencing laws; counsel for both parties in fact took it upon themselves to correct what they perceived as an error when the Court began to advise Mr. Mendoza that the offense was a strike.  Accordingly, the San Joaquin Superior Court found that Mr. Mendoza, on habeas, had established that his counsel's performance fell below an objective standard of reasonableness.  Exh. A.

The Superior Court denied Mr. Mendoza's petition, however, citing what it considered a lack of objective corroboration for his sworn declaration that he would not have pleaded guilty

but for the affirmative misadvisal by his trial counsel.  The Court noted but summarily discounted the unimpressive quantum of prosecution evidence, stating only that the equivocal evidence regarding the perpetrator's identity "does not corroborate independently Petitioner's assertion that he would not have pled guilty had he known that the conviction would be a 'strike.'" Exh. A.  The reliability of "cold-hit" DNA database matches is currently before the California Supreme Court in *People v. Nelson*, Cal. S.Ct. No. S147051.  56 scientists and academicians have submitted a joint declaration in support of amicus briefing for the defendant, noting their concerns regarding the methodology for assigning a statistical value to a match that has occurred as a result of a database search.  Their concern is of particular resonance following the discovery that Arizona's DNA database contains genetic samples from multiple criminal defendants which would otherwise appear to "match," but for obvious extrinsic evidence of separate donors.  Exh. B.

        The Superior Court failed to give due consideration to this vulnerability in the prosecution case, when California law requires it to consider, *inter alia*, "the disparity between the terms of the proposed plea bargain and the probable consequences of proceeding to trial" in determining whether a petitioner alleging ineffective assistance has demonstrated prejudice. *In re Resendiz*, 25 Cal.4th 230, 254.  Instead of evaluating this disparity, the Superior Court instead presumed the inevitability of conviction at trial: "The mere fact that he was facing another strike is not necessarily significant to establish prejudice because had he proceeded to trial and been convicted, he would have had a strike against him in any event." Exh. A.  The Superior Court failed to appreciate that the weakness of the prosecution case gave Mr. Mendoza a more than "theoretical possibility" of evading the conviction that represented his second "strike" offense.

        In view of the gross error of trial counsel and the at best equivocal evidence identifying Mr. Mendoza as the perpetrator in lieu of the absent "Theo," the defense submits that this Court has the authority under Section 3553(a) to treat Mr. Mendoza as though he were in Criminal History Category III, by deducting the criminal history points attributable to this constitutionally

1 infirm conviction, its recency and his resulting parole supervision status at the time of the instant offense.

## CONCLUSION

For the foregoing reasons and those set forth in Defendant's Sentencing Memorandum filed January 21, 2008, the defense respectfully requests a sentence of 24 months imprisonment, as the statutory maximum term applicable to the offense as charged, and as a sentence sufficient but no greater than necessary to achieve the objectives of sentencing.

Dated: August 12, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

s/
CYNTHIA C. LIE
Assistant Federal Public Defender

Defendant's Supplemental Sentencing
Memorandum, CR 07-00503 RMW                5