Received
AUG 6 2008
Federal Public Defender
San Jose, CA

FILED
SUPERIOR COURT-STOCKTON
08 JUL 28 PM 2:20
ROSA JUNQUEIRO, CLERK
BY_____

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

In the Matter of the Petition of

ARQUIMEDES MENDOZA

For Writ of Habeas Corpus.

CASE NO. LF 007102A

ORDER

**TO: ARQUIMEDES MENDOZA, Petitioner, and SAN JOAQUIN COUNTY DISTRICT ATTORNEY, Respondent**

Petitioner filed a Writ of Habeas Corpus with this court. In it, Petitioner alleged that he was denied effective assistance of counsel on two grounds: first, defense counsel failed to challenge the prosecution's DNA matching analysis and stipulated to its admission during the preliminary hearing; and second, defense counsel represented to Petitioner that the resulting conviction would not be a serious felony or a "strike" when, in fact, it is. The petition was denied as to the first ground. This court ordered an informal response as to the allegations of the second ground. After due consideration of the petition, the informal return, and the traverse thereto, **IT IS HEREBY ORDERED** that the petition be denied.

Two prongs must be fulfilled in order to warrant habeas relief on an ineffective assistance of counsel claim. The petitioner must show that counsel's performance fell below an objective standard of reasonableness. The second prong requires that petitioner establish prejudice.

Petitioner has made a prima facie case that counsel's performance was deficient. The only remaining issue is whether he has made a prima facie showing of prejudice.

Petitioner makes the following statement, under penalty of perjury:

> "On or about May 3, 2004, shortly before the scheduled commencement of trial, my attorney told me that the District Attorney had made an offer to settle the case: in return for my plea of guilty to a violation of Penal Code, section 261(a)(3), I would receive a stipulated sentence of three years imprisonment (I had at that time 357 days credit for time served).
>
> In deciding whether to accept the offer, I asked my

1

attorney whether the offense to which I would be pleading guilty was a 'strike,' a serious or violent felony. He repeatedly assured me that it was not a strike. The information in which I was charged omitted any allegation that this was a serious felony. During the plea colloquy, Judge Hammerstone characterized the offense as a 'serious felony or violent felony.' My attorney disputed this: 'No, that was not agreed upon. That is why we found this section.' The judge then stated: 'This is not a strike, then?' The prosecutor responded: 'I don't believe so, Judge.' I learned that this was incorrect on January 25, 2008.

But for my attorney's affirmative misadvisement as to this collateral consequence of my guilty plea, I would not have accepted the plea bargain and would have exercised my right to jury trial."

Thus, the issue is whether Petitioner's declaration is enough to establish prejudice. *In re Resendiz* (2001) 25 C.4th 230 is on point and the answer is no. The Supreme Court explains:

> "The test for prejudice ... is well established. [T]he United Stated Supreme Court explained that a defendant who pled guilty demonstrates prejudice caused by counsel's incompetent performance in advising him to enter the plea by establishing that a reasonably probability exists that, but for counsel's incompetence, he would not have pled guilty and would have insisted, instead, on proceeding to trial.
>
> Petitioner specifically avers that, if counsel had informed him he would be deported as a consequence of his guilty pleas, he would not have pled guilty and would have elected to be tried. ...
>
> The Attorney General rightly reminds us, however, that petitioner's assertion he would not have pled guilty if given competent advice, 'must be corroborated independently by objective evidence.' (Citations omitted.) 'In determining whether a defendant, with effective assistance, would have accepted [or rejected a plea] offer, pertinent factors to be considered include: whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea bargain and the probably consequences of proceeding to trial, as viewed at the time of the offer; ;and whether the defendant indicated he or she was amenable to negotiating a plea bargain.'
>
> ...
>
> In determining whether or not a defendant who has pled guilty would have insisted on proceeding to trial had he received competent advice, an appellate court also may consider the probable outcome of any trial, to the extent that may be discerned." *Ibid* @ 253-254.

Petitioner filed a Traverse and as to this issue, he writes, "[n]or does the District Attorney proffer evidentiary assertions to rebut the undersigned's declaration."

Thus, the final question is whether there is something more than Petitioner's sworn statement that "but for my attorney's affirmative misadvisement as to this collateral consequence of my guilty plea, I would not have accepted the plea bargain and would have exercised my right to jury trial." It is certain, in light of *Resendiz*, supra, that the statement alone is not enough.

The only other evidence which is pertinent to this issue is:

> 1) Petitioner was offered 3 years with credit for time served at 357 days. The sentence term for rape is 3 years/6 years/8 years. See Penal Code, section 264.

> 2) The preliminary hearing transcript (Exhibit B to petition) indicates that there was testimony implicating a man known as "Theo" as the perpetrator; there was also evidence of a "cold DNA hit on Arquimedes Mendoza;" finally, there was a stipulation; to wit, "a DNA sample taken from this defendant [Mendoza] matched a semen swab taken from the victim in this case ... on the date in question, July 17th, 1999."

The above evidence does not corroborate independently Petitioner's assertion that he would not have pled guilty had he known that the conviction would be a "strike."

Also significant to this petition is the fact that Petitioner has picked up another strike and now has two strike convictions. This fact was not presented as part of the petition itself, but rather, is included in Petitioner's argument in the Traverse. It reads:

> "Petitioner was particularly anxious to avoid a strike conviction because he had previously suffered a strike conviction for an offense he had committed after the date alleged for the instant offense. The record of the plea colloquy circumstantially corroborates petitioner's assertion, in that counsel for both parties purported to correct the Court's attempt to advise Mr. Mendoza that the offense was a serious or violent felony. The record of the plea colloquy ... also confirms that the District Attorney had been amenable to a non-strike disposition of the case, ...." See Traverse, page 3:11-23.

The mere fact that he was facing another strike is not necessarily significant to establish prejudice because had he proceeded to trial and been convicted, he would have had a strike against him in any event. See *In re Resendiz*, supra @ 254 ["While it is true that by insisting on trial petitioner would for a period have retained a theoretical possibility of evading the conviction that rendered him deportable and excludable, it is equally true

3

1  that a conviction following trial would have subjected him to the same immigration
2  consequences."].
3      Accordingly, the petition is denied. Petitioner has not met his burden of making a
4  prima facie case of prejudice. See *In re Bower* (1985) 38 C.3d 865; see also, *In re*
5  *Resendiz* (2001) 25 C.4th 230.
6
7      Date:



JUDGE OF THE SUPERIOR COURT

4

```
                                                              FILED
                                                         SUPERIOR COURT-STOCKTON

                                                         08 JUL 28 PM 2: 20

                                                         ROSA JUNQUEIRO, CLERK

                                                              BY
                                                                  DEPUTY
```

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

In the Matter of the Petition of )
)
) CASE NO. LF 007102A
ARQUIMEDES MENDOZA )
)
)
For Writ of Habeas Corpus ) CERTIFICATE OF SERVICE
) BY MAIL
)

    I, the undersigned, declare that I am a deputy of the Clerk of the Superior Court of San Joaquin County, State of California, and not a party to the within action. On __AUG 0 6 2008__, I deposited in the United States Post Office at Stockton, California, true and correct copies of the Order regarding the above-entitled petition for writ of habeas corpus, a printed copy of which is hereto attached and made a part hereof, one copy of which is addressed to each of the following named persons at the following named addresses:

ARQUIMEDES MENDOZA, T-07594          SAN JOAQUIN DISTRICT ATTORNEY
c/o Federal Public Defender           222 E. Weber Avenue, 2nd Floor
160 W. Santa Clara Street, Suite 575  Stockton, CA 95202
San Jose, CA 95113

    I further declare that each of said copies so mailed and addressed was enclosed in a separate envelope, sealed, with the postage thereon fully prepaid.
    I declare under penalty of perjury that the foregoing is true and correct.
    Executed at Stockton, California on the date above specified.

_____
Deputy Court Clerk