JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

    150 South Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-2695
    Facsimile: (408) 535-5081
    jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARQUIMEDES MENDOZA-SORIANO, ) <br> ) <br> Defendant. ) <br> ) | No. CR 07-00503 RMW <br><br> RESPONSE AND OPPOSITION TO DEFENDANT'S SENTENCING MEMORANDUM <br><br> Date: August 18, 2008 <br> Time: 9:00 a.m. |

## INTRODUCTION

The United States hereby submits its response and opposition to the defendant's supplemental sentencing memorandum in the above-referenced case. On August 12, 2008, the defendant filed a second sentencing memorandum. In his memorandum, the defendant requests a 24-month custodial sentenced based upon two grounds: First, the defendant believes 24 months is the statutory maximum term of imprisonment citing <u>Garcia-Aguilar v. U.S. Dist. Court</u>, 2008 U.S. App. LEXIS 16596 (9th Cir. August 6, 2008). Second, the defendant requests a departure due to the overrepresentation of his criminal history. We disagree with both grounds and reiterate our request for a sentence of 87 months in custody.

## THE INDICTMENT PROPERLY INFORMED THE DEFENDANT
## OF THE 20-YEAR STATUTORY MAXIMUM SENTENCE

On August 1, 2007, a grand jury sitting in the Northern District of California returned a one count indictment against Mr. Mendoza-Soriano. The indictment charged the defendant with being a deported alien found in the United States. The indictment included two sets of dates: the date when the defendant was found within the United States and three dates when the defendant was previously deported from the United States. Six days later, on August 7, 2007 at arraignment, Magistrate Judge Lloyd informed the defendant that the crime he was being charged with carried a maximum penalty of 20 years imprisonment. Further, on September 4, 2007, when the defendant pleaded "open" to the one count indictment, your honor informed the defendant, once again, that the maximum penalty for the crime to which he was pleading guilty was 20 years imprisonment. The basis for the enhanced maximum sentence under § 1326(b) was the defendant's two prior aggravated felony convictions.[1]  (Exhibit A)

The defendant argues that since the indictment did not allege the dates nor the substance of his prior convictions used for enhancement purposes, the maximum sentence for this offense is capped at 24 months. This position is contrary to current Ninth Circuit precedent. First, unlike the indictment in this case, the indictment in Garcia-Aguilar only alleged one date - the date the defendant reentered the United States. Since the indictment failed to allege a second date, the date(s) of prior deportation(s)/removal(s), the court in Garcia-Aguilar had no basis to find that a prior conviction occurred before or after a prior deportation/removal. On the contrary, cases in which the indictment contains both the reentry/found-in date and the prior deportation/removal date(s), as is the case here, a court may make a finding of fact regarding the fact of and date of a prior felony conviction. U.S. v. Covian-Sandoval, 462 F.3d 1090, 1097 (9th Cir. 2006) ("We therefore must reject Covian's contention that the district court could not

---

[1] On February 5, 2001 the defendant was convicted of Assault with a Firearm on Person in docket #LF005144A and subsequently deported. Also, on May 3, 2004, the defendant was convicted of another *crime of violence* in docket #LF007102A and subsequently deported. Exhibit A, as attached, contains Abstracts of Judgment/Prison Commitments for each of these two prior convictions. Also, Exhibit A contains a transcript of the defendant's guilty plea colloquy for the 2001 Assault conviction.

1 enhance his sentence based on its own finding of fact of a prior felony conviction.")  Recently,

2 Judge Illston in this district has illuminated this rule:

3 > For the following reasons, the Court determines that the Ninth Circuit created a disjunctive rule, not a conjunctive rule, and that there is no barrier to a court taking note of the date of a qualifying conviction when it finds as a fact that a defendant has a prior qualifying conviction.

5 United States v. Herrera-Santos, 2008 WL 1808533 (N.D.Cal April 21, 2008.)

6 Judge Illson continues her analysis with:

7 > A date of conviction, like the fact of conviction itself, is not a fact that must be tested by the jury; it will be readily apparent to the judge who is also finding the fact of a prior conviction.  Indeed, the Ninth Circuit has indicated that when a court finds the fact of a prior conviction, it may also find the fact that the conviction occurred on a given date that was prior to the date of removal.

10 *Id.*

11 Finally, we ask this court to take judicial notice of the following facts: that Mr. Mendoza-

12 Soriano was convicted of Assault with a Firearm under California Penal Code § 245 on February

13 5, 2001, that Mr. Mendoza-Soriano was convicted of a serious crime of violence under

14 California Penal Code § 261(A)(3) on May 3, 2004, and finally that August 11, 2005 is

15 subsequent to both February 5, 2001 and May 3, 2004.

16 **THE DEFENDANT'S CRIMINAL HISTORY IS NOT OVERREPRESENTED**

17     This argument was addressed in the government's original sentencing memorandum.

18 Briefly, even though the defendant has two prior aggravated felony convictions, both of which

19 demand the sixteen-point enhancement under Section 2L1.2(b)(1)(A) of the Sentencing

20 Guidelines, he only suffers the enhancement once.  Therefore, this defendant has the same

21 adjusted offense level as a defendant with only one prior § 2L1.2(b)(1)(A) conviction.  To

22 punish this defendant less than defendants with only one enhancement-qualifying conviction

23 ignores the 18 U.S.C. § 3553(a) factors, in particular, "the need to avoid unwarranted sentence

24 disparities among defendants with similar records who have been found guilty of similar

25 conduct."  18 U.S.C. § 3553(a)(6).  Therefore, in order to deter this defendant from illegally re-

26 entering the United States once again, and to deter similar violent felons from doing so, this

27 Court should sentence the defendant at the high-end of the applicable guideline range, 87 months

28 imprisonment.

Notably, Mr. Mendoza-Soriano argues that his failed habeas petition provides unique justification for the requested downward departure. Mr. Mendoza-Soriano claimed that his counsel did not challenge DNA evidence nor did counsel advise him of the "strike" nature of the conviction. The Superior Court rejected the ineffectiveness argument on the DNA grounds but accepted it on the "strike" grounds. Apparently, in denying Mr. Mendoza-Soriano's petition, the Superior Court concluded that Mr. Mendoza-Soriano would not have proceeded differently had his assistance been different and thus any error was harmless. In fact, the Superior Court appeared to conclude that arguments about the presence or reliability of DNA evidence did not clearly influence his decision to plead guilty. Therefore, this court may properly conclude, as the original court found, that the conviction (and its attributable criminal history points) was supported by evidence. This is not the proper forum to re-litigate the underlying facts of his 2004 conviction. The defendant's criminal history is not overrepresented. If anything, the true violent nature of his prior felony convictions is not reflected in his criminal history score.

DATED: August 13, 2008                    Respectfully submitted,

                                                       JOSEPH P. RUSSONIELLO
                                                       United States Attorney


                                                       ___/s/_____
                                                       JEFFREY B. SCHENK
                                                     Assistant United States Attorney


cc:     Ms. Cynthia Lie, Attorney for Defendant