ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN, STOCKTON

PEOPLE OF THE STATE OF CALIFORNIA
DEFENDANT: ARQUIMEDES MENDOZA    DOB: 12-17-78    CASE NUMBER: LF007102A

FILED MAY - 4 2004

BOOKING #: 0320213    [ ] NOT PRESENT

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGMENT    [ ] AMENDED ABSTRACT

DATE OF HEARING: 05-03-04    DEPT NO.: 25    JUDGE: JAMES E HAMMERSTONE JR.

CLERK: CHERYL MACHADO    REPORTER: T. PLACE    PROBATION NO. OR PROBATION OFFICER: WAIVED

COUNSEL FOR PEOPLE: G. BROOKS, DDA    COUNSEL FOR DEFENDANT: G. HICKEY, LRS    [X] APPTD

1. Defendant was convicted of the commission of the following felony:

| CNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DAY/YEAR) | CONVICTED BY J/C/NC | B/M | TIME IMPOSED YRS/MOS |
|---|---|---|---|---|---|---|---|---|
| 1 | PC | 261(A)(3) | RAPE: VICTIM DRUGGED | 1999 | 05-03-04 | X | L | 3  0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT | ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | ENHANCEMENT | YS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. [ ] Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments).
   Restitution Fine(s): $200.00 per PC 1202.4(b) forthwith per PC 2085.5; $200.00 per PC 1202.45 suspended unless parole is revoked.
   Restitution per PC 1202.4(f): [ ] $_____ / [ ] Amount to be determined    to [ ] victim(s)*    [ ] Restitution Fund
   (*List victim name(s) if known and amount breakdown in item 7 below.)
   Fine(s): $_____ per PC 1202.5, $_____ per VC 23550 or _____ days [ ] county jail [ ] prison in lieu of fine [ ] CC [ ] CS
   Lab Fee: $_____ per HS 11372.5(a) for counts _____. [ ] Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING: a. [ ] AIDS pursuant to PC 1202.1    b. [ ] DNA pursuant to PC 296    c. [ ] other (specify)

7. Other orders (specify): - PLUS $20.00 ADMIN. SURCHARGE FOR REST. FINE.
   - REGISTER PURSUANT TO PC 290 - SEX OFFENDER.

8. TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM.    3    0

9. [ ] This sentence is to run concurrent with (specify):

10. Execution of sentence imposed
    a. [X] at initial sentencing hearing.    d. [ ] at resentencing per recall of commitment. (PC 1170(d).)
    b. [ ] at resentencing per decision on appeal    e. [ ] other (specify):
    c. [ ] after revocation of probation

11. DATE SENTENCE PRONOUNCED: 05-03-04    CREDIT FOR TIME SPENT IN CUSTODY: TOTAL DAYS 357    ACTUAL LOCAL TIME 239    LOCAL CONDUCT CREDITS 118    [X] 4019 [ ] 2933    TIME SERVED IN STATE INSTITUTION: _____ DMH _____ DDC _____ CRC

12. The defendant is remanded to the custody of the sheriff [X] forthwith [ ] after 48 hours excluding Saturdays, Sundays, and holidays.
    To be delivered to    [X] the reception center designated by the director of the California Department of Corrections.
    [ ] other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE: A. Perez    DATE: 05-04-04

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

CR-290.1

## ABSTRACT OF JUDGMENT—PRISON COMMITMENT - DETERMINATE
## SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
*[Not to be used for multiple count convictions or for 1/3 consecutive sentences]*

[XX] SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN JOAQUIN**
[ ] MUNICIPAL  BRANCH OR JUDICIAL DISTRICT

PEOPLE OF THE STATE OF CALIFORNIA vs
DEFENDANT: **MENDOZA, ARQUIMEDES**    DOB **12/27/78**
AKA
CII# **A11268222**
BOOKING # **CC-19298**
[ ] NOT PRESENT
COMMITMENT TO STATE PRISON / ABSTRACT OF JUDGMENT
[ ] AMENDED ABSTRACT

CASE NUMBER: **LF005144A**

FILED
01 FEB -7 PM 2:14
JEANNE MILLSAPS, CLERK
*Janet Carreno*
DEPUTY

DATE OF HEARING: **020501**     DEPT NO: **25**     JUDGE: **J E HAMMERSTONE JR.**
CLERK: **L MORENO**     REPORTER: **T PLACE**     PROBATION NO. OR PROBATION OFFICER: **WAIVED**
COUNSEL FOR PEOPLE: **DDA T MONTES**     COUNSEL FOR DEFENDANT: **P D E SHAVER**     [ ] APPTD

1. Defendant was convicted of the commission of the following felony:

| CNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DAY/YEAR) | JURY | COURT | PLEA | TERM (L,M,U) | YRS | MOS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 245 | ASSUALT W/FIREARM ON PERSON | 2000 | 02 05 01 | | | X | M | 3 | 0 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. [ ] Defendant was sentenced pursuant to PC 667(b)-(i) or PC 1170.12 (two-strikes).
5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   a. RESTITUTION FINE of: $ **200** per PC 1202.4(b) forthwith per PC 2085.5.
   b. RESTITUTION FINE of: $ **200** per PC 1202.45 suspended unless parole is revoked.
   c. RESTITUTION of: $ _____ per PC 1202.4(f) to [ ] victim(s)* [ ] Restitution Fund
      (*List victim name(s) if known and amount breakdown in item 7, below.)
      (1) [ ] Amount to be determined   (2) [ ] Interest rate of: ____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   d. [ ] LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).
   e. [ ] DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).   f. [ ] FINE of: $ _____ per PC 1202.5.
6. TESTING: [ ] AIDS [ ] DNA  pursuant to [ ] PC 1202.1 [ ] PC 290.2 [ ] other (specify):
7. Other orders (specify):
   PLUS $20 SURCHARGE ON RESTITUTION FINE
   CT 2 A MISD. IMPOSITION OF SENTENCE SUSPENDED FOR 3 YEARS

8. TOTAL TIME IMPOSED:     **3   0**
9. [ ] This sentence is to run concurrent with (specify):
10. Execution of sentence imposed
    a. [XX] at initial sentencing hearing.              d. [ ] at resentencing per recall of commitment. (PC 1170(d).)
    b. [ ] at resentencing per decision on appeal.      e. [ ] other (specify):
    c. [ ] after revocation of probation.

11. DATE SENTENCE PRONOUNCED: **020501** | CREDIT FOR TOTAL DAYS TIME SPENT IN CUSTODY **146** INCLUDING | ACTUAL LOCAL TIME **127** | LOCAL CONDUCT CREDITS **19** [ ] 4019 [XX] 2933.1 | SERVED TIME IN STATE INSTITUTION [ ] DMH [ ] CDC [ ] CRC

12. The defendant is remanded to the custody of the sheriff [XX] forthwith [ ] after 48 hours excluding Saturdays, Sundays, and holidays
    To be delivered to [XX] the reception center designated by the director of the California Department of Corrections.
    [ ] other (specify):

CLERK OF THE COURT: I hereby certify the foregoing to be a correct abstract of the judgment made in this action
DEPUTY'S SIGNATURE: *Carreno*     DATE: **020701**

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California
CR-290.1 (Rev January 1, 1999)

**ABSTRACT OF JUDGMENT—PRISON COMMITMENT—DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM**

Penal Code, §§ 1170, 1213, 1213.5
Sup. Ct 393 (1/99)

COPY 

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

---o0o---

THE PEOPLE OF THE STATE )
OF CALIFORNIA, )
)
         Plaintiff, ) No. LF005144A
  vs. )
) Dept. 25
ARQUIMEDES MENDOZA, )
) CHANGE OF PLEA &
        Defendant. ) STATEMENT FOR
_____) PRISON OFFICIALS

      Monday, February 5th, 2001 - 10:00 a.m.

          The above-entitled matter came on regularly at the date and time above set forth, before the **HON. JAMES E. HAMMERSTONE**, Judge of said Superior Court, for the purpose of Readiness Conference.

APPEARANCES OF COUNSEL:

       **THOMAS M. MONTES**, Deputy District Attorney, County of San Joaquin, 222 East Weber Avenue, Room 202, Stockton, California 95202, appeared as counsel for and on behalf of the People.

       **EDMUND B. SHAVER**, Deputy Public Defender, County of San Joaquin, 102 S. San Joaquin Street, Room 401, Stockton, California 95202, appeared as counsel for and on behalf of the Defendant.

Reported by: THOMAS N. PLACE, C.S.R. #2239

2

1    THE CLERK: Arquimedes Mendoza.
2    THE COURT: It is my understanding if the
3  People move to amend this to a misdemeanor --
4    MR. MONTES: There will be a resolution.
5    THE COURT: We need an interpreter.
6    MR. SHAVER: We need Mr. Mendoza, as well.
7  He's not here.
8    THE COURT: Where is he?
9    MR. SHAVER: I don't know. They didn't
10  brings him back in.
11    He is talking to the interpreter, still.
12    The interpreter is going over his right.
13    THE COURT: He can come in, I'm supposed to
14  do that.
15    Mr. Shaver, Mr. Mendoza is now before the Court --
16    MR. MONTES: Yes, Your Honor.
17    THE COURT: -- being assisted by the Spanish
18  interpreter.
19    It is my understanding Mr. Mendoza is going to move the
20  Court to withdraw his previously entered plea of not guilty
21  to Count 1 and enter a new and different plea --
22    MR. SHAVER: No contest.
23    THE COURT: -- of no contest.
24    MR. MONTES: Be a guilty plea.
25    THE COURT: Or guilty.
26    And as to Count 2, that will be amended to a
27  misdemeanor.
28    In punishment for these matters, he will be ordered to

3

1  serve three years in prison.
2        That a correct statement of the negotiations?
3              MR. MONTES: At 85 percent.
4              THE COURT: Is there a motion the People want
5  to make to Count 2?
6              MR. MONTES: Move to amend.
7              THE COURT: To what or on the grounds of which?
8              MR. MONTES: To conform with the evidence.
9              THE COURT: Pursuant to Section 17?
10             MR. MONTES: Yes.
11             THE COURT: I'll allow the amendment.
12       (Through Interpreter) Mr. Mendoza, in Count 2 you are
13  now charged with discharge of a firearm in a negligent
14  manner, a misdemeanor.
15       Do you understand that charge?
16             THE DEFENDANT: (Through Interpreter) Yes.
17             THE COURT: Does your client waive any
18  further formal arraignment on that matter, Mr. Shaver?
19             MR. SHAVER: No, Your Honor --
20             THE COURT: He doesn't?
21             MR. SHAVER: Yes, he waives formal
22  arraignment.
23             THE COURT: Is there also a motion on his
24  behalf to with withdraw his previously entered plea as to
25  Count 1?
26             MR. SHAVER: Yes.
27             THE COURT: That motion is granted.
28       These will both be guilty pleas or not?

4

1    MR. MONTES: Guilty pleas.

2    There will be a stay away from the victims as well,
3    Your Honor.

4    THE COURT: I'm not going to make any orders
5    that infringe upon the Department of Corrections.

6    If they feel it is appropriate, they will do it at the
7    parole hearing.

8    (Through Interpreter) Mr. Mendoza, if you enter pleas
9    of guilty, you will be giving up your right to a jury trial
10   or a court trial.

11   A jury trial is where 12 men and women come in, they
12   hear the evidence, and they decide whether you are guilty or
13   innocent of the charge.

14   A court trial is where the judge hears the evidence and
15   the judge decides whether you are guilty or innocent of the
16   charge.

17   Do you understand your right to have a jury trial or a
18   court trial?

19   THE DEFENDANT: (Through Interpreter) Yes.

20   THE COURT: (Through Interpreter) Do you
21   give up that right?

22   THE DEFENDANT: (Through Interpreter) Yes.

23   THE COURT: (Through Interpreter) When you
24   enter a plea of guilty, you will be giving up your right to
25   confront and cross-examine the witnesses who testify against
26   you.

27   Do you understand that right?

28   THE DEFENDANT: (Through Interpreter) Yes,

5

1 sir.

2 THE COURT: (Through Interpreter) Do you
3 give up that right?

4 THE DEFENDANT: (Through Interpreter) Yes.

5 THE COURT: (Through Interpreter) When you
6 enter a plea of guilty, you will be giving up your right to
7 present evidence on your own behalf, a right to have free
8 subpoenaes issued to get your witnesses to come to court,
9 and a right to testify in your own behalf.

10 Do you understand each of those rights?

11 THE DEFENDANT: (Through Interpreter) Yes.

12 THE COURT: (Through Interpreter) Do you
13 give up each of those rights?

14 THE DEFENDANT: (Through Interpreter) I do.

15 THE COURT: (Through Interpreter) You also
16 have the right against self-incrimination.

17 No one can force you to enter a plea of guilty against
18 your will.

19 When you enter a plea of guilty, you are incriminating
20 yourself because you are admitting that you have committed
21 the crime with which you are charged.

22 Do you understand your right against
23 self-incrimination?

24 THE DEFENDANT: (Through Interpreter) Yes.

25 THE COURT: (Through Interpreter) Do you
26 give up that right?

27 THE DEFENDANT: (Through Interpreter) Yes.

28 THE COURT: (Through Interpreter) If you are

```
                                                                    6
 1   not a citizen of the United States, a plea of guilty could
 2   result in your deportation, or any refusal of
 3   naturalization, citizenship, amnesty or reentry into the
 4   United States.
 5        Do you understand that?
 6             THE DEFENDANT:  (Through Interpreter)  Yes.
 7             THE COURT:  (Through Interpreter)  In
 8   punishment for this matter, you will be ordered to serve
 9   three years in prison.
10        Is that your understanding?
11             THE DEFENDANT:  (Through Interpreter)  Yes.
12             THE COURT:  (Through Interpreter)  After you
13   serve that sentence, you can then be placed on parole for up
14   to four years.
15        If, during that time, you violate any term and
16   condition of your parole, you could then be returned to
17   prison for up to one year on each parole revocation.
18        Do you understand that?
19             THE DEFENDANT:  (Through Interpreter)  Yes.
20             THE COURT:  (Through Interpreter)  This
21   conviction constitutes a conviction of a serious felony.
22        That means if you are convicted of any felony in the
23   future -- no matter what it is -- the minimum sentence is
24   doubled.
25        If you should have two serious felony convictions and
26   are in the future convicted of any third felony -- no matter
27   what it is -- the minimum sentence is 25 years to life.
28        On a serious felony conviction, you are required to
```

7

1 | serve 85 percent of the time of the sentence.
2 |     Do you understand that?
3 |     THE DEFENDANT: (Through Interpreter) Yes.
4 |     THE COURT: (Through Interpreter) Other than
5 | what I told you now, has anyone else made any other promises
6 | to you about your case or is anyone else forcing you to
7 | plead guilty?
8 |     THE DEFENDANT: (Through Interpreter) No.
9 |     THE COURT: (Through Interpreter) Have you
10 | had enough time to talk your matters over with Mr. Shaver,
11 | your lawyer?
12 |     THE DEFENDANT: (Through Interpreter) Yes.
13 |     THE COURT: (Through Interpreter) Do you
14 | have any questions you would like to ask me about what I
15 | have said?
16 |     THE DEFENDANT: (Through Interpreter) No.
17 |     THE COURT: (Through Interpreter) Having
18 | each of your rights in mind then, how do you plead to Count
19 | 1, a violation of Section 245(a)(2) of the Penal Code,
20 | assault with a firearm, a felony, occurring on August 26th
21 | of the year 2000?
22 |     THE DEFENDANT: (Through Interpreter)
23 | Guilty.
24 |     THE COURT: (Through Interpreter) How do you
25 | plead to Count 2, a violation of Section 246.3 of the Penal
26 | Code, the discharge of a firearm in a negligent manner, a
27 | misdemeanor, occurring August 26th, the year 2000?
28 |     THE DEFENDANT: (Through Interpreter)

8

1  Guilty.
2        THE COURT: Is there a stipulation there is a
3  factual basis for the entry of each plea contained within
4  the preliminary hearing transcript?
5        MR. SHAVER: So stipulated.
6        MR. MONTES: Stipulated, Your Honor.
7        THE COURT: Do you concur in the waiver of
8  constitutional rights and in the entry of the pleas of
9  guilty by your client, Mr. Shaver?
10        MR. SHAVER: Yes, Your Honor.
11        THE COURT: I'll make a finding there is a
12  factual basis for the entry of each plea and that
13  Mr. Mendoza has knowingly, intelligently, and voluntarily
14  waived each and every one of his constitutional rights and
15  entered his pleas of guilty.
16     Does Mr. Mendoza waive referral to the probation
17  office, arraignment for judgment, and time for judgment?
18        MR. SHAVER: Yes.
19        THE COURT: Is there any legal cause why
20  judgment should not now be pronounced?
21        MR. SHAVER: No, Your Honor.
22        THE COURT: There being no legal cause why
23  judgment should not now be pronounced, pursuant to Rule 412
24  of the California Rules or Court, as to Count 1, probation
25  is hereby denied, and he is committed to the Department of
26  Corrections for the mid term of three years.
27     He is ordered to pay a $200 restitution fine through
28  the Department of Corrections.

9

1       He is ordered to pay a $200 parole fine through the
2   Department of Corrections. The parole fine is stayed
3   pending any possible revocation of parole.
4       What are the actual CTS?
5           MR. SHAVER: He has been locked up since very
6   close to the date of the incident.
7           MR. MONTES: October 3rd.
8           THE COURT: That when the arrest took place?
9           MR. MONTES: That is when he first appeared.
10          MR. SHAVER: He has been arrested since -- he
11  thinks it was the second, Judge.
12          THE COURT: He thinks he got arrested October
13  2nd, Mr. Shaver?
14          MR. SHAVER: Correct.
15          THE COURT: Then, 127 actual days, plus eight
16  days good time/work time, for a total credit of 135 days.
17      He is remanded on that count to the Department of
18  Corrections at the Reception and Guidance Center at DVI.
19      Count 2, imposition of sentence is suspended for three
20  years.
21      There a motion as to the all other charges and
22  enhancements on the Information?
23          MR. MONTES: People move to dismiss.
24      I think he should get at least 15 percent good
25  time/work time credit.
26      Did you give him eight days?
27          THE COURT: One hundred twenty-seven.
28  I'm sorry, 19 days.

```
                                                                    10
 1                  MR. SHAVER:  Thank you.
 2                  THE COURT:  All right.
 3        That's 146 actual days.
 4                  MR. SHAVER:  Thank you.
 5                  THE COURT:  There a motion as to all other
 6   counts and enhancements on the Information?
 7                  MR. MONTES:  Move to dismiss in light of the
 8   plea.
 9                  THE COURT:  So ordered.
10        Is there a motion as to the VOP?
11                  MR. MONTES:  Move to dismiss.
12                  THE COURT:  That motion is granted.
13        Probation is reinstated on all its former terms and
14   conditions except it is informal instead of formal.
15                  MR. SHAVER:  Thank you.
16                  MR. MONTES:  Thank you, Your Honor.
17                           ---oOo---
18
19
20
21
22
23
24
25
26
27
28
```

```
                                                                    11
 1   STATE OF CALIFORNIA    )
                            ) ss.
 2   COUNTY OF SAN JOAQUIN  )

 3

 4

 5          I, THOMAS N. PLACE, Official Court Reporter

 6   of the Superior Court of the State of California, do hereby

 7   certify:

 8          That I was present in the Superior Court, County

 9   of San Joaquin, State of California, at the hearing of the

10   above-entitled matter, that at said time and place, I took

11   down in shorthand notes all the testimony given and

12   proceedings had; that I thereafter caused said shorthand

13   notes to be transcribed into longhand typewriting by

14   computer-aided transcription, the above and forgoing being a

15   full, true, and correct transcript of all testimony taken

16   and proceedings had.

17

18

19                         [signature]

20

21   _____
     Official Court Reporter
22   C.S.R. No. 2239

23

24

25

26

27

28
```

THOMAS N. PLACE, C.S.R. NO. 2239 - (209) 463-2840
ROOM B-69 - 222 E. WEBER AVENUE, STOCKTON, CA. 95202